IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., <br><br> Defendant. | C.A. No. 5:25-cv-00089-RWS-JBB <br><br> **JURY TRIAL DEMANDED** |

**ONEPLUS'S UNOPPOSED MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659**

i

Pursuant to 28 U.S.C. § 1659 and the Court's inherent authority to manage proceedings, Defendant OnePlus Technology Shenzhen Co., Ltd. ("OnePlus") respectfully moves the Court to stay this proceeding until an investigation pending before the U.S. International Trade Commission ("ITC"), *In re Certain Mobile Cellular Communications Devices*, Inv. No. 337-TA-1456 ("the '1456 Investigation"), filed by Plaintiff Pantech Corporation ("Pantech") on July 2, 2025, and instituted by the ITC on August 4, 2025, has been finally resolved. OnePlus has conferred with counsel for Pantech regarding this motion, and the relief sought is unopposed.

## I.     FACTUAL BACKGROUND

On July 2, 2025, Pantech filed a complaint in the ITC asserting that OnePlus, among several other proposed respondents, infringes U.S. Patent Nos. 9,548,839; 11,659,503; 11,051,344; and 12,267,876 (collectively, "the Asserted Patents"). *See generally* Ex. A, Pantech Corporation's Complaint and Public Interest Statement (Public Version), Compl. No. 337-3835. On July 3, 2025, Pantech filed its complaint in this action, asserting infringement of the same four Asserted Patents against OnePlus. *See generally* Dkt. 1.

The ITC instituted an investigation, *Certain Mobile Cellular Communications Devices*, Inv. No. 337-TA-1456 ("the '1456 Investigation"), on August 4, 2025, in a Notice of Institution of Investigation that published in the Federal Register on August 7, 2025. Ex. B, Notice of Institution of Investigation, 90 Fed. Reg. 38177–78 (Aug. 7, 2025). The Notice of Investigation names, among other parties, OnePlus as a respondent in the '1456 Investigation.

## II.    LEGAL STANDARD

When a party to a civil action and named as a respondent in the proceeding before the ITC so requests, "the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). Such a request is timely within "30

days after the party is named as a respondent in the proceeding before the Commission" or "30 days after the district court action is filed, whichever is later." *Id*. at 28 U.S.C. § 1659(a)(1)-(2); 19 C.F.R. § 210.3 (defining "Respondent" in the context of the ITC as "any person named in a notice of investigation").

### III.  ARGUMENT

This case satisfies each of Section 1659(a)'s requirements for a mandatory stay. OnePlus is "a party to" this civil action, and was named as a "respondent" in the '1456 Investigation by the ITC when it issued its Notice of Investigation on August 4, 2025 (which published in the Federal Register on August 7, 2025). 28 U.S.C. § 1659(a); Ex. B.

This request is timely because it was filed less than 30 days after the ITC issued its Notice of Institution. 28 U.S.C. § 1659(a); 19 C.F.R. § 210.3; *Bell Semiconductor, LLC v. Marvell Tech. Gp. Ltd.*, Slip Op., Civ. No. 4:22-cv-10635-DHH, Dkt. 32, at 2 (D. Mass. July 8, 2022) (request timely where made within 30 days of the ITC's publication of the Notice of Investigation).

The claims in this action also involve the "same issues" as in the '1456 Investigation. 28 U.S.C. § 1659 ("at the request of a party … the district court shall stay … proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission"). The Asserted Patents are the same (*compare* Dkt. 1 at ¶¶ 13–14 *and* Ex. A at ¶ 10), as are the products accused of infringing them (*compare* Dkt. 1 at ¶¶ 11–12 *and* Ex. A at ¶ 169 (both listing the "OnePlus 13, OnePlus 13R, OnePlus 12, OnePlus 12R, OnePlus Nord N30 5G, and OnePlus Open" as accused of infringement)). Accordingly, this action and the '1456 Investigation will encompass the same issues related to the Asserted Patents, including infringement, validity, enforceability, and any defenses OnePlus may raise.

## IV. CONCLUSION

For the foregoing reasons, OnePlus requests that the Court stay this case under 28 U.S.C. § 1659 until the results of the '1456 Investigation become final.

Date: August 20, 2025

Respectfully Submitted,

   */s/ G. Blake Thompson*
**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 East Line Street, Suite 304
Tyler, TX 75702
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

***Attorneys for Defendant,
OnePlus Technology (Shenzhen) Co., Ltd.***

3

## CERTIFICATE OF SERVICE

      The undersigned certifies that on August 20, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.

                                                */s/ G. Blake Thompson*
                                                **G. Blake Thompson**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") has complied with the requirements of Local Rule CV-7(h). Counsel for OnePlus contacted counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC ("Pantech") by email on August 13, 2025, regarding the relief sought in this Motion. Counsel for Pantech responded by email on August 13, 2025 that the relief sought is unopposed.

                                                      /s/ G. Blake Thompson
                                                      **G. Blake Thompson**